UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINGLONG AMERICAS INC., <br><br> Plaintiff, <br><br> v. <br><br> GET IT ON WHEELS, INC. (d/b/a TIRE & WHEEL OUTLET) and DOES 1-5, inclusive, <br><br> Defendants. | Civ. No. 2:17-01378 WBS GGH <br><br><br> MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

Plaintiff Linglong Americas Inc. ("Linglong") brought this action against defendant Get it on Wheels, Inc. doing business as Tire & Wheels Outlet ("Tire Outlet") for damages arising from unpaid invoices for tires that Linglong delivered to Tire Outlet. (Compl. ¶¶ 11, 28 (Docket No. 1).) Before the court is plaintiff's Motion to dismiss defendant's amended Counterclaim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Pl.'s Mot. (Docket No. 28).)

I. Factual and Procedural Background

Plaintiff is the American affiliate of a global tire

1

manufacturer that sells tires to customers around the country. (Compl. ¶ 8 (Docket No. 1).) Defendant is a tire and wheel distributor with several California locations. (Compl. ¶ 9.)

Plaintiff alleges that from April to July 2016, no fewer than 15 times, it sold and delivered tires to defendant, which defendant accepted without objection. (Compl. ¶ 10.) For each order, plaintiff sent an invoice to defendant identifying the product sold, quantity, price, and sales amount. (Id.) Plaintiff claims the total amount due for the tires sold and delivered under the invoices is $857,861.92. (Id. ¶ 26.) The invoices required payment within 60 days and included payment instructions. (Id. ¶ 27.) Plaintiff alleges that on or about June 29, 2016, defendant made a late, partial payment on one invoice in the amount of $31,216.15, but defendant has not made any other payment. (Id. ¶ 29.) Plaintiff claims an outstanding balance of $768,800.92. (Id. ¶ 31.)

On October 24, 2016, plaintiff sent a letter to defendant notifying it of its default under the invoices and demanding payment of the outstanding overdue balance. (Id. ¶ 32.) Defendant did not make any payment in response to the October 24 letter. (Id. ¶ 33.) On July 5, 2017, plaintiff filed a Complaint against defendant for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) goods sold and delivered; and (4) unjust enrichment.

On November 13, 2017, defendant filed an amended Counterclaim against plaintiff alleging a breach of the covenant of good faith and fair dealing. (Def.'s Am. Countercl. ¶ 29

(Docket No. 24-3).)[1] Defendant contends that at the time the parties entered into the contractual relationship, plaintiff was not distributing tires to other wholesalers in defendant's market area. (Id. ¶ 9.) Defendant further alleges plaintiff was aware of defendant's expenditures of money and resources to introduce, promote, and expand sales of plaintiff's tires in the region, but nonetheless, without advance discussion or warning, plaintiff began selling directly to defendant's wholesale competitors within its market area. (Id. ¶ 11.)

Defendant alleges that there was an understanding between it and plaintiff that defendant was not to be undersold in the market, as long as defendant maintained certain purchasing levels. (Id. ¶ 12.) In April of 2016, defendant learned that plaintiff's Chinese parent corporation was selling to a competitor at a lower price. (Id. ¶¶ 13, 15.) Jeff Perry, plaintiff's Regional Sales Manager, told defendant that there was nothing he could do about the sales from plaintiff's parent corporation to defendant's competitors. (Id. ¶ 15.) The selling of tires by plaintiff's parent corporation at a lower price was allegedly in direct violation of what defendant had been assured by plaintiff's representatives in texts, emails, and in person meetings which are not alleged to be part of the contract between

---

[1] In its initial Counterclaim, defendant alleged plaintiff, by not selling to others in defendant's market area when the contractual relationship began, violated the implied covenant of good faith and fair dealing by selling to its wholesale competitors without advance discussion or warning. (Countercl. ¶¶ 9-14 (Docket No. 15).) In its amended Counterclaim, defendant re-characterizes its Counterclaim stating that the companies understood that defendant was not to be undersold in its market area. (Def.'s Opp'n at 4.)

3

the parties. (Id. ¶ 17.) As a result of the alleged breach of the covenant of good faith and fair dealing, defendant seeks compensatory damages and its costs and attorney's fees. (Def.'s Am. Countercl. Prayer for Relief ¶¶ 1-2).)

II. Discussion

"A motion to dismiss a counterclaim brought pursuant to FRCP 12(b)(6) is evaluated under the same standard as motion to dismiss a plaintiff's complaint." PageMelding, Inc. v. ESPN, Inc., Civ. No. 11-6263 WHA, 2012 WL 3877686, at *1 (N.D. Cal. Sept. 6, 2012). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

California recognizes that "[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the

other to receive the benefits of the agreement." Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400, (2000) (quoting Comunale v. Traders & Gen. Ins. Co., 50 Cal. 2d 654, 658 (1958)). To state a claim for breach of the covenant of good faith and fair dealing, plaintiff must allege:

> (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff.

Woods v. Google, Inc., 889 F. Supp. 2d 1182, 1194 (N.D. Cal. 2012).

A breach of the implied covenant of good faith and fair dealing "involves something beyond breach of the contractual duty itself." Croshal v. Aurora Bank, F.S.B., Civ. No. 13-5435 SBA, 2014 WL 2796529, at *6 (N.D. Cal. June 19, 2014) (quoting Tilbury Constructors, Inc. v. State Comp. Ins. Fund, 137 Cal. App. 4th 466, 474 (3d Dist. 2006)). Rather, the allegations must establish "the conduct of the defendant . . . demonstrates a failure or refusal to discharge contractual responsibilities prompted . . . by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreements." Id. (quoting Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (2d. Dist. 1999)). Where a contractual relationship exists, "the implied covenant is limited to assuring compliance with the

express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." Racine & Laramie, Ltd. v. Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1032, (4th Dist. 1992) (citing Gibson v. Gov't Emps. Ins. Co., 162 Cal. App. 3d 441, 448 (5th Dist. 1984)).

Here, the parties do not dispute that there was a contractual relationship to buy and sell tires, nor do they dispute that plaintiff delivered the tires ordered by defendant. Instead, the parties dispute whether defendant adequately pled that plaintiff unfairly interfered with defendant's right to receive a benefit under the contract. Further, defendant contends it did all or substantially all of the obligations required of it up until plaintiff sold tires to its competitors, and as a result of plaintiff's conduct, defendant suffered damages. (Def.'s Am. Countercl. ¶¶ 14, 16.)

A. The Parties

As an initial matter, defendant appears to assert a counterclaim against plaintiff's Chinese parent corporation, who is not a party in this action.[2] (See Def.'s Am. Countercl.) Under Rule 13, a party may state a counterclaim against an opposing party. Fed. R. Civ. P. 13. "The plain meaning of 'opposing party' is a party to the lawsuit-that is, a named party who asserted a claim against the counterclaimants." GIA-GMI, LLC v. Michener, Civ. No. 06-7949 SBA, 2007 WL 1655614, at *4

---

[2] Defendant leaves the court guessing as to what allegations it is alleging against each named or unnamed party in the action. At one point, defendant claims plaintiff's parent corporation was selling the tires and in another paragraph defendant claims plaintiff was selling the tires. (Def.'s Am. Countercl. ¶¶ 17, 21.)

(N.D. Cal. June 7, 2007). Thus, a party may not assert a counterclaim against a party not in the action. See Wahoo Int'l, Inc. v. Phix Doctor, Inc., Civ. No. 13-1395 GPC BLM, 2015 WL 3872343, at *1 n.1 (S.D. Cal. June 23, 2015) ("[A] counterclaim cannot be brought against a non-party.") Additionally, there is no indication that defendant is attempting to join plaintiff's parent company in the action. (See Def.'s Opp'n at 3.) Nor is there any indication that defendant is attempting to hold plaintiff liable for the actions of its parent corporation—by piercing the corporate veil. (See id.)

To the extent the Counterclaim is asserted against plaintiff's Chinese parent corporation, the Counterclaim is dismissed. The court will now consider the allegations as they extend to plaintiff.

B. The Counterclaim Against Plaintiff

To assert a counterclaim for a breach of the implied covenant of good faith and fair dealing, defendant must establish that the breach of the implied covenant arises from the expectations of the contractual agreement. See e.g., Racine & Laramie, Ltd., 11 Cal. App. 4th at 1032 ("The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation.") (citation omitted); Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 349 (2000) ("The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.") (citation omitted). Here, defendant's counterclaim does not allege that the contract

7

between the companies prohibited plaintiff from selling goods to its wholesale competitors at a lower price. Defendant simply asserts there was an "understanding" between the companies that defendant was not to be undersold in the market as long as it maintained certain purchasing levels. (Def.'s Am. Countercl. ¶ 12).

Further, defendant has not pled any terms of the agreement beyond describing the contractual relationship between the parties as one in which plaintiff sold tires to defendant, who then resold the tires to area retailers. (Id. ¶ 8); Love v. The Mail on Sunday, Civ. No. 05-7798 ABCP JWX, 2006 WL 4046180, at *7 (C.D. Cal. Aug. 15, 2006) (dismissing plaintiff's claim for breach of covenant of good faith and fair dealing because plaintiff did not include the language of the contract itself or plead specific terms of the agreement, because without such terms, the court could not discern which terms gave rise to the implied duties plaintiff claimed defendant breached); Citizens of Humanity, LLC v. LAB sarl, Civ No. 12-10627 MMM JEMX, 2013 WL 12129393, at *11 (C.D. Cal. Apr. 22, 2013) (granting motion to dismiss implied covenant of good faith and fair dealing counterclaim, on the basis that the party "[did] not identify the specific contractual provision(s) from which the allegedly breached covenant arose.") Thus, defendant has not sufficiently alleged that plaintiff's action--selling tires to its competitors at a lower price--deprived it of any benefit to which it was entitled under the contract to buy and sell tires.

Therefore, without any factual allegation regarding the expectations between the parties that the distribution agreement

8

did not permit any sales to other market competitors at a lower price, the court will not imply this term existed within the agreement.  See Spencer v. DHI Mortg. Co., 642 F. Supp. 2d 1153, 1165 (E.D. Cal. 2009) (O'Neill, J.) ("The 'implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract.'") (quoting Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1093–1094 (2d Dist. 2004).

Even assuming that plaintiff, and not its parent company, sold tires to defendant's competitors at a lower price, defendant has not sufficiently alleged that by selling to its competitors at a lower price, plaintiff deprived defendant of an established contractual benefit.  Therefore, defendant does not sufficiently allege that plaintiff violated the implied covenant of good faith and fair dealing.

IT IS THEREFORE ORDERED that plaintiff's Motion to dismiss defendant's amended Counterclaim for failure to state a claim upon which relief can be granted be, and the same hereby is, GRANTED.

Defendant has twenty days from the date this Order is signed to file a Second Amended Counterclaim, if it can do so consistent with this Order.

Dated: January 4, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9